HARPER, J.
I concur with the Chancellor, that “a trustee to sell cannot purchase, whether he is partly interested or not. If he purchases, the sale will be set aside or he will be held to the purchase, as of course, at the option of the parties interested.” I also concur that the sale “ cannot be set aside or confirmed, without knowledge of the will of other persons interested, who are not made parties to this proceeding.” It appears however to be matter of much interest to all the parties concerned that this estate should be finally closed, and perhaps it may be in our power without irregularity, to facilitate the doing of this, by directing the persons interested to be made parties to the proceeding and ascertaining their will.
I believe the principle laid down by the Chancellor to be fully settled, that where a trustee purchases at his own sale, it is absolutely at the option of the parties interested, without any inquiry into circumstances, to have a re-sale, or to hold the trustee to his purchase. If they elect to have a *re-sale, the course is, that the property should be put up at the price bid by the trustee. If more is bid at the second sale, the property is re-sold ; if not, the trustee is held to his purchase. I am satisfied, too, from looking into the cases, that it is at the option of any portion of the creditors or persons interested, or any individual of them, to have a re-sale. The cases, ex parte Hughes, 6 Ves. 824; ex parte Lacey, 6 Ves. 625; ex parte Bennet, 10 Ves. 381, are sufficient to establish the rule, that without any inquiry into circumstances, the sale shall be avoided at the election of the parties. In all of these cases too, the course was to put up the property at the price bid by the trustee, (with the value of improvements, where improvements had been made) and if no more could be got, to affirm the trustee’s purchase. In Morse v. Royal, 12 Ves. 372, the Chancellor says in relation to such a purchase, that without any consideration of fraud, or looking beyond the relation of the parties, that contract is void.” In Campbell v. Walker, 5 Ves. 678, where application was made on behalf of infants to set aside such a sale, a reference to the master was ordered to ascertain whether it would be for their benefit. Being infants, it might devolve on the Court to elect for them. Otherwise, the late cases establish that the right-of choice is ablolute in the parties without inquiry.
In Whelpdale v. Cookson, -, Lord Hardwicke left it to the majority of the creditors tó elect whether the property should be re-sold. • But in ex parte Lacey, Lord Eldon expresses his dissent from the opinion of Lord Hardwicke, and doubts whether a majority of creditors can bind the minority. And in a note to that case, the Reporter refers to the cases, ex parte Tanner, ex parte Attwood, and Owen v. Foulkes, decided about the same time, in which the Chancellor repeated the principles and declared the general rule, that no trustee shall buy unless he strips himself of that character, or by universal consent. In ex parte James, 8 Ves. 337, the trustee had satisfied all the principal creditors, and obtained *243 their acquiescence or purchased their claims, yet the purchase was set aside at the instance of a simple creditor, the petitioner. In Davoue v. Fanning, 2 Johns. Ch. Ca. 252, *Chancellor Kent reviews all the cases, and comes to the conclusions I have before expressed— that it is absolutely necessary at the election of the creditors or parties .interested to set aside such a sale — or of any individual creditor or party — and that the course is to put up the property at the price bid by the trustee, and hold him to his purchase if more cannot be got.
It was argued that this was not a sale by the trustees, as it was made by the order of the Court and superintended by the Commissioner. The bill was filed by the assignee to marshal the assets and settle the estate. The sale I suppose was made at his instance, and was not less his sale, because made with the concurrence and under the superintendence of the Commissioner. It is not merely against unfairness in the actual conducting of the sale, that the principle is intended to guard. The cases suppose, that in consequence of his connexion with the estate as trustee, he may have acquired important information as to its value — such as the existence of mines — which the Court can never be sure he has fully communicated, and no one undertaking to act for the benefit of others, shall be permitted to act for his own advantage in the same matter. Ex parte Lacey, 6 Ves. 625; ex parte Bennet, 10 Ves 381.
It is ordered that the petition be referred back to the Commissioner to inquire and report to the next, sitting of the Circuit Court, whether any of the creditors or parties interested desire a re-sale of the land in question, and that the said creditors and parties be notified to attend before the Commissioner at a time appointed by him for that purpose ; that if any of the said creditors or parties shall require such re-sale, the said land shall be again exposed to sale, at such time and on such terms as the Circuit Court shall direct, and put up at the price bid for the same by the petitioner; but if none of the said creditors or parties shall require a re-sale, or if upon being again offered for sale, no greater price shall be offered than that heretofore bid by the petitioner for the said laud, then that the petitioner’s purchase be confirmed.
Johnson and O’Neall, Js., concurred.